UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MICHAEL HAPNER,

Plaintiff,

v.

KENNETH GANN, JASON SMILEY,
JOHN DOE,

Defendants.

CAUSE NO. 3:26-CV-1089-JD-JEM

OPINION AND ORDER

Timothy Michael Hapner, a prisoner without a lawyer, filed a complaint alleging

he was attacked while in protective custody at the Westville Correctional Facility. ECF

2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

Hapner alleges eight inmates attacked him with knives in the protective custody

unit at Westville. Under the Eighth Amendment, correctional officials have a

constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844

(1994). "[P]risons are dangerous places. Inmates get there by violent acts, and many

prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777

(7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of

general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th

Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not

dispositive of the fact that prison officials were therefore deliberately indifferent to his

safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must

establish that "the defendant had actual knowledge of an impending harm easily

preventable, so that a conscious, culpable refusal to prevent the harm can be inferred

from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir.

2010).

> To establish deliberate indifference on the part of the defendants sued
> individually, Klebanowski needed to show that the officers acted with the
> equivalent of criminal recklessness, in this context meaning they were
> actually aware of a substantial harm to Klebanowski's health or safety, yet
> failed to take appropriate steps to protect him from the specific danger.
> Klebanowski testified during his deposition that he told officers twice on
> September 8 that he was afraid for his life and he wanted to be transferred
> off the tier. Those statements, and the officers' knowledge of the first
> beating, are the only pieces of evidence in the record that can assist
> Klebanowski in his attempt to show that the officers were aware of any
> risk to him. We have previously held that statements like those made by
> Klebanowski are insufficient to alert officers to a specific threat. *Butera*,
> 285 F.3d at 606 (deeming insufficient to establish deliberate indifference
> statements by a prisoner that he was "having problems in the block" and
> "needed to be removed"). In *Butera*, we deemed the inmate's statements
> insufficient to give notice to the officers because they did not provide the
> identities of those who threatened the inmate, nor state what the threats
> were. *Id.*
>
> The facts of this case make clear our reason for requiring more than
> general allegations of fear or the need to be removed. By Klebanowski's
> own testimony, the officers knew only that he had been involved in an
> altercation with three other inmates, and that he wanted a transfer

2

> because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Hapner alleges he told Warden Gann "that I'm having issues and need transferred to another facility for my safety." ECF 2 at 2. He does not say when or if he told Warden Smiley anything. These allegations do not show either had actual knowledge of impending harm.

Hapner alleges an unknown guard told him after the attack "that he heard the attackers threatening and talking shit to me while doing his walks." ECF 2 at 2-3. These allegations are too vague to show this guard had actual knowledge that harm to Hapner was imminent. Hearing inmates trash talk each is not enough to demonstrate this guard was deliberately indifferent to Hapner who was already in protective custody. Trash talk is consistent with the general risks of violence in a prison, but without more specific details, do not plausibly allege an Eighth Amendment violation.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual

3

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Hapner believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Timothy Michael Hapner until **August 27, 2026**, to file an amended complaint; and

(2) CAUTIONS Timothy Michael Hapner if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 24, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT